# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

TOWN CENTER FLATS, LLC

      Debtor.

_____/

Chapter 11

Hon. Maria L. Oxholm

Case No. 15-41307

## SUPPLEMENTAL BRIEF IN SUPPORT OF
## MOTION TO CONVERT CASE TO ONE UNDER CHAPTER 7

Creditor ECP Commercial II LLC ("ECP"), by and through undersigned counsel, and pursuant 11 U.S.C. § 1112, submits this supplemental brief in support of its motion to convert the bankruptcy case of debtor Town Center Flats, LLC ("Debtor") to one under Chapter 7 of the Bankruptcy Code, and states:

1.      On April 20, 2016, ECP filed its *Corrected Motion to Convert Case to One Under Chapter 7* (Doc. 147) (the "Motion to Convert"). On December 21, 2016, ECP filed its *Brief* in support of the Motion to Convert (Doc. 343). On April 27, 2017, the Court held oral argument with respect to the Motion to Convert (the "Hearing").

2.      At the Hearing, the Court indicated that it would find cause to convert or dismiss the instant case and set May 11, 2017 as the date it would issue a bench opinion.

3. ECP files this Supplemental Brief as additional support for ECP's request that the instant case be converted to a case under 11 U.S.C. §§ 701 *et seq.*

4. ECP incorporates by reference its arguments relating to 11 U.S.C. § 1112 that are set forth in its *Proposed Findings of Fact and Conclusions of Law* (Doc. 476).

5. Once a party establishes cause, the court must examine whether dismissal or conversion of a case under chapter 7 is in the best interests of the creditors and the estate. 7 COLLIER ON BANKRUPTCY ¶ 1112.04[6]. Courts have looked to multiple factors to determine which action better serves the interests of creditors and the estate. Collier identifies ten such factors:

> 1. Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.
>
> 2. Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.
>
> 3. Whether the debtor would simply file a further case upon dismissal.
>
> 4. The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.
>
> 5. In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.
>
> 6. Whether any remaining issues would be better resolved outside the bankruptcy forum.

15-41307-mlo   Doc 479   Filed 05/05/17   Entered 05/05/17 14:25:39   Page 2 of 9

7. Whether the estate consists of a "single asset."

8. Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.

9. Whether a plan has been confirmed and whether any property remains in the estate to be administered.

10. Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

In re BH S & B Holdings, LLC, 439 B.R. 342, 346–47 (Bankr. S.D.N.Y. 2010).

6. Several of the factors identified by Collier are present in the instant case and support conversion rather than dismissal.

7. Some creditors received preferential payments and equality of distribution would be better served by conversion rather than dismissal. Throughout the case (and before the case), Debtor preferred insiders and took no action to recover or even investigate the payments. Post-petition payments were made by Debtor to insiders and creditors that a Chapter 7 Trustee may recover pursuant to 11 U.S.C. § 549. Debtor paid invoices issued to affiliates post-petition, and it is undisputed that Debtor paid at least $42,000 to Donald Butler without authority to make such payments under the Bankruptcy Code.

8. There would be a loss of rights granted in the case if it were dismissed rather than converted. If the case were dismissed, creditors of the estate would have no ability to recover funds from Mr. Butler. Creditors of the estate would

have no ability to recover the $10,000 tax refund currently in the DIP bank account. Creditors of the estate would have no ability to recover the $30,000 held in escrow by Mr. Zousmer identified by Debtor's counsel at the Hearing.

9. The estate's claims for breaches of fiduciary duty also would be lost on dismissal. In Michigan, creditors do not have a right to sue a corporation for breach of fiduciary duty in the absence of a contractual obligation of fiduciary duty. DeWitt v. Sealtex Co., No. 273387, 2008 WL 2312668, at *9-11 (Mich. Ct. App. 2008). A copy of this unreported decision is attached as Exhibit 1 and incorporated herein.

10. It is highly likely Debtor would simply file a further case upon dismissal. Debtor's principals have taken five entities through bankruptcy. Given the incredibly litigious nature of Debtor's principals, this Court may assume Debtor will refile to frustrate its creditors further. Indeed, even if the Court were to dismiss this case with prejudice to refiling for 180 days, it is highly probable that Debtor will delay any subsequent state court litigation as long as necessary to seek bankruptcy protection once again in this Court.

11. Debtor has engaged in misconduct and creditors are in need of a chapter 7 case to protect their interests. On May 3, 2017, Debtor informed James Evans, the ECP-appointed property manager for Debtor's real property and the rents generated by the property, that Debtor would not turn over the May rents to

Mr. Evans. The reason provided for this wrongful action was that Debtor was waiting for this Court's ruling on May 11, 2017, and would not meet with Mr. Evans until May 16, 2017. Under threat of an emergency motion, Debtor acquiesced, but has not turned over May rents to Mr. Evans. Clearly, Debtor intended to retain the rents, and, if this case is dismissed, such bad behavior will continue with additional unnecessary state court litigation.

12. A trustee in a chapter 7 case will be able to reach assets for the benefit of creditors. A chapter trustee is the proper party to bring recovery actions under 11 U.S.C. § 549 and turnover actions against Mr. Zousmer and Mr. Butler, as well as investigate Debtor's other wrongful acts.

13. Finally, conversion is not limited to the grounds constituting "cause" described in 11 U.S.C. § 1112(b)(1)-(6). Matter of W.J. Rewoldt Co., 22 B.R. 459, 461 (Bankr. E.D. Mich. 1982) (citing In Re Tolco Properties, Inc., 6 B.R. at 486). The Court is empowered to consider other factors and to use its equity powers to reach an appropriate result in a particular case. Id. (citing In Re Mogul, 17 B.R. 680, 8 B.C.D. 1024, 1026 (Bankr. M.D. Fla. 1982), citing H.R.Rep.No.595, 95th Cong., 1st Sess., 405-406 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5963)).

14. "Where the debtor is oblivious to fiduciary responsibilities imposed upon it in dealing with the property of the estate, conversion normally will be

justified." <u>W.J. Rewoldt Co.</u>, 22 B.R. at 461 (Bankr. E.D. Mich. 1982) (citing <u>In Re Paul Kovacs and Company, Inc.</u>, 16 B.R. 203 (Bankr. D. Conn. 1981)). Debtor's numerous breaches of its fiduciary responsibilities to the estate are discussed at length in ECP's *Proposed Findings of Fact and Conclusions of Law* (Doc. 476).

## CONCLUSION

15.      Given the diminution of Debtor's estate, Debtor's inability to reorganize without rents, the likelihood of insider transfers and the breaches of fiduciary duties owed to the estate, the Court should convert this case to one under chapter 7 so that a neutral, independent trustee can administer Debtor's estate in compliance with the requirements and goals of the Bankruptcy Code.  Conversion is a particularly appropriate remedy when, as here, it "would better protect the creditors and the estate, as well as **protecting the integrity of the bankruptcy system**." In re Silberkraus, 253 B.R. 890, 903 (Bankr. C.D. Cal. 2000), *aff'd*, 336 F.3d 864 (9th Cir. 2003) (emphasis added).

**WHEREFORE**, ECP Commercial II LLC respectfully requests that this Court enter an Order providing the following relief:

a)      Granting the Motion to Convert;

b)      Converting Debtor's bankruptcy case to one under chapter 7 of the Bankruptcy Code; and

c)      Providing such other and further relief as is just and equitable.


May 5, 2017                              Respectfully Submitted,

                                        **FRIEDBERG PC**

                                        By:  /s/ *Jeremy S. Friedberg*
                                        Jeremy S. Friedberg
                                        10045 Red Run Blvd., Suite 160
                                        Baltimore, Maryland 21117
                                        Telephone: (410) 581-7400
                                        Facsimile: (410) 581-7410
                                        Email: jeremy@friedberg.legal

                                        -and-

                                        **WARNER NORCROSS & JUDD LLP**
                                        Matthew K. Casey
                                        45000 River Ridge Dr., Suite 300
                                        Macomb County, Michigan 48038-5582
                                        Telephone: (248) 784-5031
                                        Facsimile: (248) 603-9633
                                        Email: mcasey@wnj.com

                                        *Counsel for ECP Commercial II LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:                                                        Chapter 11
                                                                  Hon. Maria L. Oxholm
TOWN CENTER FLATS, LLC                           Case No. 15-41307

      Debtor.

_____/

## PROOF OF SERVICE

I CERTIFY THAT on May 5, 2017, I caused a true and correct copy of ECP

Commercial II LLC's *Supplemental Brief in Support of Motion to Convert Case to*

*One Under Chapter 7* to be filed  electronically with the Court, which sent notice

of such filing to all ECF participants in this case.

**FRIEDBERG PC**

By:  /s/ *Jeremy S. Friedberg*
Jeremy S. Friedberg
10045 Red Run Blvd., Suite 160
Baltimore, Maryland 21117
Telephone: (410) 581-7400
Facsimile: (410) 581-7410
Email: jeremy@friedberg.legal

*Counsel for ECP Commercial II LLC*